UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE ARNOLD MONTIEL,

Petitioner,

v.

STATE OF MICHIGAN,

Respondent.

Case No. 1:26-cv-1456

Honorable Paul L. Maloney

# OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. The Court will grant Petitioner leave to proceed *in forma pauperis*.

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice because, at the time Petitioner filed his petition, he was not subject to a final judgment of sentence and, therefore, the Court did not have subject matter jurisdiction over the petition.

## Discussion

### I. Factual allegations

Petitioner Jose Arnold Montiel is incarcerated with the Michigan Department of Corrections at the Lakeland Correctional Facility (LCF) in Coldwater, Branch County, Michigan. On July 20, 2023, following a three-day jury trial in the Van Buren County Circuit Court, Petitioner was convicted of armed robbery, in violation of Mich. Comp. Laws § 750.529, possession of a firearm by a felon (felon-in-possession), in violation of Mich. Comp. Laws § 750.224f; fourth-degree fleeing and eluding a police officer, in violation of Mich. Comp. Laws § 257.602a(2); and possession of a firearm during the commission of a felony (felony-firearm), in violation of Mich. Comp. Laws § 750.227b. On August 11, 2023, the court sentenced Petitioner as a fourth habitual offender, Mich. Comp. Laws § 769.12, to imprisonment for a controlling sentence string of 25 to 50 years for armed robbery, to be served consecutively to a 2-year sentence for felony-firearm.

Petitioner, with the assistance of counsel, filed a claim of appeal in the Michigan Court of Appeals. By opinion issued on October 20, 2025, the court of appeals affirmed Petitioner's convictions and sentences. *People v. Montiel*, No. 367471, 2025 WL 2962706 (Mich. Ct. App. Oct. 20, 2025). Petitioner then filed an application for leave to appeal to the Michigan Supreme Court. By order entered March 27, 2026, the Michigan Supreme Court denied leave to appeal. *People v. Montiel*, 32 N.W.3d 94 (Mich. 2026). Petitioner then filed a motion for reconsideration. *See* https://www.courts.michigan.gov/case-search/ (enter "Jose Montiel," select the magnifying glass icon to search, select "PEOPLE OF MI V JOSE ARNOLDO MONTIEL" under COA #367471) (last visited Aug. 9, 2026). By order entered June 18, 2026, the Michigan Supreme Court denied Petitioner's motion for reconsideration. People v. Montiel, 35 N.W.3d 638 (Mich. 2026).

After Petitioner filed his motion for reconsideration, but before the Michigan Supreme Court denied the motion, Petitioner filed his habeas petition in this court. (Pet., ECF No. 1.)

## II. Subject Matter Jurisdiction

"[L]itigants and district courts must assure themselves of subject-matter jurisdiction at the earliest possible moment to avoid wasting judicial and party resources." *Akno 1010 Market Street St. Louis Missouri LLC v. Pourtaghi*, 43 F.4th 624, 627 (6th Cir. 2022). In *Davis v. Warren*, No. 18-1768, 2019 WL 3035577 (6th Cir. Feb. 19, 2019), the Sixth Circuit Court of Appeals considered whether the federal district court had subject matter jurisdiction where the prisoner's appeal was still pending such that the judgment was not yet final. The Court stated:

> Because Davis filed his § 2254 petition while his appeal was still pending . . . his state judgment had not become final, and his habeas petition was therefore not ripe for review. As a result, the district court lacked jurisdiction to consider Davis's habeas petition. Although it appears that this jurisdictional defect may have since been cured, *see Davis*, 2018 WL 3551573 (remanding for resentencing on July 24, 2018), "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Global Group, L.P.,* 541 U.S. 567, 570 (2004) (quoting *Mollan v. Torrance*, 9 Wheat. 537, 539, 6 L.Ed. 154 (1824)).

*Davis*, 2019 WL 3035577, at *2.[1] The Sixth Circuit vacated the district court's judgment and remanded the case with instructions that the district court dismiss Davis's § 2254 petition without prejudice. *Id.* The procedural posture of Petitioner's case is akin to Davis's.

---

[1] *See also Juliano v. Cardwell*, 432 F.2d 1051 (6th Cir. 1970) (dismissing petition for failure to exhaust because an appeal from the denial of a post-conviction motion was still pending in the state's supreme court); *Haggard v. Tennessee*, 421 F.2d 1384, 1386 (6th Cir. 1970) (dismissing habeas petition for lack of exhaustion because a petition for post-conviction relief was pending in the state's appellate court); *accord Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) ("When . . . an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted, even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts."); *Horowitz v. Wainwright*, 709 F.2d 1403, 1404 (5th Cir. 1983) (dismissing petition for lack of exhaustion because a collateral attack on the conviction was still pending in the state's appellate courts). The rationale behind this rule is that the appeal may result in the reversal of the petitioner's conviction, thereby mooting any federal question. *Tomkins*, 716 F.2d at 634; *Garrett v. Larson*, No. 2:13–CV–11339, 2013 WL 1681258, at *2 (E.D.Mich. Apr.17, 2013).

Petitioner was not obligated to seek reconsideration of the Michigan Supreme Court's decision in order to fully exhaust his claims. *See, e.g., Tuggle v. Seabold*, 806 F.2d 87, 91 (6th Cir.1986) ("Once an issue . . . has been presented to the State's highest court, the doctrine of exhaustion of remedies does not require future repetitive presentations . . . through a variety of successive motions."). But once he availed himself of that remedy, the exhaustion process was not complete until the Michigan Supreme Court ruled on his motion. *See Puertas v. Overton*, 272 F.Supp.2d 621, 627 (E.D.Mich. 2003) (finding that the exhaustion requirement was not satisfied because a motion for reconsideration was still pending in the Michigan Supreme Court). *Cf. McClendon v. Sherman*, 329 F.3d 490, 493 (6th Cir. 2003) (stating that a habeas petitioner's "direct review" concluded when the Michigan Supreme Court refused to reconsider its decision denying leave to appeal).

The Court recognizes that *Davis* is non-precedential and, therefore, only serves as persuasive, not binding, authority. *See Meadows v. City of Walker*, 46 F.4th 416, 424 (6th Cir. 2022). Nonetheless, based on the Sixth Circuit's *Davis* reasoning, Petitioner's habeas petition was not ripe when it was filed. Under the circumstances, *Davis* counsels that this Court does not have jurisdiction to consider Petitioner's claims attacking his convictions. Accordingly, the Court will dismiss Petitioner's § 2254 petition without prejudice.[2]

[2] Dismissal of the present petition does not raise any timeliness concerns. With the Michigan Supreme Court's denial of Petitioner's motion for reconsideration, any federal constitutional issues fairly presented to the state courts are exhausted, but the judgment is not yet "final" so as to trigger the running of the 28 U.S.C. § 2244(d)(1) period of limitation. Petitioner may still choose to file a petition for certiorari to the United States Supreme Court. Even if Petitioner chooses to not pursue such a petition, the ninety-day period in which he could seek such review must run before the judgment is considered final under § 2244(d)(1)(A). *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

### III. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claim under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court resolved Petitioner's § 2254 petition on the procedural ground that the Court lacks jurisdiction. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Both showings must be made to warrant the grant of a certificate. "Where a plain

procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* The Court finds that reasonable jurists could not debate that *Davis* compels dismissal of the petition for lack of jurisdiction; therefore, the Court denies Petitioner a certificate of appealability.

For the same reasons that the Court denies a certificate of appealability, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter a judgment dismissing Petitioner's § 2254 petition without prejudice, as well as an order granting Petitioner leave to proceed *in forma pauperis* and denying a certificate of appealability.

Dated: August 13, 2026

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge